*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDRE DURRELL YARBROUGH,

        Defendant-Appellant.

UNPUBLISHED
December 15, 2022

No. 359414
Calhoun Circuit Court
LC No. 2019-003669-FC

Before: GLEICHER, C.J., and MARKEY and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for assault with intent to do great bodily harm less than murder, MCL 750.84, assaulting, resisting, and obstructing a police officer causing serious impairment (assault-resist-obstruct), MCL 750.81d(3), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 12½ to 45 years' imprisonment for the assault with intent to do great bodily harm less than murder conviction, 19 to 45 years' imprisonment for the assault-resist-obstruct conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

Defendant does not challenge his convictions in this case. He only challenges his status and sentencing as a fourth-offense habitual offender under MCL 769.12. Defendant does not contest that his two prior felony convictions for assault-resist-obstruct can be considered felonies for the purposes of MCL 769.12. Rather, defendant argues that his 2013 conviction of possession of marijuana, second or subsequent violation, see MCL 333.7403(2)(d) and MCL 333.7413, cannot be considered a felony conviction for the purposes of MCL 769.12.

Defendant has waived his right to challenge this issue on appeal. "Waiver has been defined as 'the intentional relinquishment or abandonment of a known right.' " *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id.* (quotation marks and citation omitted). At the

sentencing hearing, defense counsel explicitly agreed that defendant was a fourth-offense habitual offender, stating:

> If you actually look at the reasons Mr. Yarbrough is a fourth habitual, you'll find that two out of those three felonies are in fact misdemeanors. One of them is an enhanced possession of marijuana. Another one is a resisting and obstructing a police officer that was pled as an attempt. And I understand that those can be used to habitualize. The other one's a two-year resisting and obstruct. And, yes, he's a fourth habitual, yes, that range can be applied.

Therefore, defendant has waived his right to challenge this issue on appeal.[1]

Regardless of defendant's waiver, the trial court properly sentenced defendant as a fourth-offense habitual offender under MCL 769.12. A panel of this Court has previously held that this defendant's 2013 conviction of possession of marijuana, second or subsequent violation, was properly considered a prior felony for purposes of the habitual offender statute. See *People v Yarbrough*, unpublished per curiam opinion of the Court of Appeals, issued June 24, 2021 (Docket No. 352628), p 3. The reasoning utilized by the *Yarbrough* panel applies to the instant case.

Issues of statutory interpretation are reviewed de novo. *People v Speed*, 331 Mich App 328, 331; 952 NW2d 550 (2020). "In interpreting statutes, we start by examining the plain language of the statute and if the statutory language is plain and unambiguous, then no judicial interpretation is necessary or permitted." *Id.* (quotation marks, citations, and alteration omitted).

The definition of "felony" applicable to MCL 769.12 found in the Code of Criminal Procedure, MCL 760.1 *et seq.*, which defines "felony" as "a violation of a penal law of this state for which the offender, upon conviction, may be punished by imprisonment for more than 1 year or an offense expressly designated by law to be a felony." MCL 761.1(f). As recognized by our Supreme Court, "Because misdemeanors punishable by two years of imprisonment fall within the 'felony' definition, they may be considered felonies for purposes of the[] [habitual-offender] statute[]." *People v Smith*, 423 Mich 427, 445; 378 NW2d 384 (1985).

Under the Public Health Code, MCL 333.1101 *et seq.*, possession of marijuana is punishable by imprisonment for not more than one year. MCL 333.7403(2)(d). However, because defendant's 2013 possession of marijuana conviction was a subsequent violation subject to the double penalty provision of MCL 333.7413, he could have been sentenced to imprisonment for up to two years. Therefore, this conviction may be considered a felony for purposes of MCL 769.12. See *Smith*, 423 Mich at 445. Defendant does not contest that his two prior felony convictions for assault-resist-obstruct can be considered prior felonies for the purposes of MCL 769.12. The trial court did not err by determining that defendant was a fourth-offense habitual offender.

Relying on *People v Fetterley*, 229 Mich App 511, 540; 583 NW2d 199 (1998), defendant maintains that because the sentence for his 2013 possession of marijuana, second or subsequent violation, conviction was already enhanced under the Public Health Code, see

---

[1] We note that defendant does not argue that he was denied effective assistance of counsel.

MCL 333.7403(2)(d) and MCL 333.7413, the 2013 conviction cannot be used as a prior felony under MCL 769.12 to enhance his sentence in the instant case. It is true that "[w]here a defendant is subject to sentence enhancement under the controlled substance provisions, the sentence may not be doubly enhanced under the habitual offender provisions." *Fetterley*, 229 Mich App at 540. However, that rule is not applicable to this case. In the instant case, the trial court did not enhance defendant's sentence for his 2013 possession of marijuana conviction. Rather, the trial court enhanced the sentences for defendant's current convictions (that are completely unrelated to the Public Health Code) under only MCL 769.12. Therefore, defendant's argument has no merit.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ /Michelle M. Rick